NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  22-10305 |
| Plaintiff-Appellee, | D.C. No. 5:17-cr-00603-BLF-2 |
| v. | |
| DONALD OLGADO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted December 13, 2023
San Francisco, California

Before:  GOULD, KOH, and DESAI, Circuit Judges.

Donald Olgado appeals his conviction for eleven counts of possession of

stolen trade secrets. While Mr. Olgado was employed by Applied Materials, Inc.

("Applied"), he downloaded several thousand files containing trade secrets onto his

external drive. The government argued that he downloaded the files to replicate one

of Applied's products for the benefit of an unauthorized spinoff company.  A jury

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

found Mr. Olgado guilty on all eleven counts of possession of stolen trade secrets, and the district court denied Mr. Olgado's motion for judgment of acquittal.

Mr. Olgado challenges the sufficiency of the evidence for three elements of his conviction. He also challenges the district court's refusal to give his requested jury instruction and the constitutionality of the trade secret theft statute as applied to him. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. A rational factfinder could conclude that the government proved the elements of possession of stolen trade secrets beyond a reasonable doubt. We review de novo a district court's denial of a motion for judgment of acquittal based on insufficient evidence. *United States v. Amintobia*, 57 F.4th 687, 697 (9th Cir. 2023). When evaluating the sufficiency of the evidence, we view the evidence in the light most favorable to the government and presume that the jury resolved any conflicting inferences in favor of the government. *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).

First, a rational factfinder could conclude that Mr. Olgado possessed the files that he downloaded to his external drive. To prove possession, the government needed to demonstrate that Mr. Olgado had (1) knowledge of the files, and (2) physical control or the power and intent to exercise dominion and control over the files. *See United States v. Romm*, 455 F.3d 990, 999–1000 (9th Cir. 2006). Mr. Olgado acknowledges that he downloaded the files. Thus, there is no dispute that he

had actual knowledge of their presence. And the government introduced sufficient evidence to prove that Mr. Olgado could exercise dominion and control over the files. In addition to downloading the files, Mr. Olgado had the ability to transfer or send the files, and he did so when he transferred the files from his hard drive to several DVDs. Mr. Olgado also negotiated a software deal that included the specific software he needed to view the files.

Next, a rational factfinder could conclude that Mr. Olgado knew the trade secret information was obtained or appropriated without authorization. The plain meaning of "without authorization" is without "permission or power granted by an authority." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1133 (9th Cir. 2009) (quoting Random House Unabridged Dictionary, at 139 (2001)). The government introduced sufficient evidence to prove that Mr. Olgado obtained the files without permission, including that Applied had a policy prohibiting downloading files to external drives and that Mr. Olgado knew the policy applied to him. Even accepting Mr. Olgado's contention that this element requires a showing of "improper means," his circumvention of Applied's policy and software preventing external downloads constitutes improper means.

Last, a rational factfinder could conclude that Mr. Olgado intended to convert the trade secret information. The statute requires an intent to convert the trade secret information "to the economic benefit of anyone other than the owner." 18 U.S.C.

3

§ 1832(a). The government presented evidence that Mr. Olgado was involved in efforts to create an unauthorized spinoff company and that he intended to use the files to recreate Applied's products for the benefit of the new company. For example, Mr. Olgado downloaded nearly 100% of the files needed to recreate Applied's tool, estimated that it would take the spinoff significantly less time than it took Applied to create the product, communicated outside of regular work channels, and lied when confronted about his actions.

2. "A criminal defendant has a constitutional right to have the jury instructed according to his theory of the case," *United States v. Johnson*, 459 F.3d 990, 993 (9th Cir. 2006), when the theory "(1) has some foundation in the evidence presented, (2) is supported by law, and (3) is not adequately covered by other instructions," *United States v. Barragan*, 871 F.3d 689, 710 (9th Cir. 2017). We review de novo whether an instruction is supported by law. *Id.* The district court did not err by declining to adopt Mr. Olgado's proposed jury instruction because it improperly added "access" as an element of possession. While access is often probative of dominion and control, our cases do not require the government to independently prove access. *See United States v. Kuchinski*, 469 F.3d 853, 863 (9th Cir. 2006) (a defendant who lacks knowledge about files and lacks "access to and control over those files" may still possess the files where there is "some other indication of dominion and control" over them).

4

3. The trade secret theft statute is not unconstitutional as applied to Mr. Olgado. When a statute is not facially ambiguous, "due process bars courts from applying a novel construction" of the statute "to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." *United States v. Lanier*, 520 U.S. 259, 266 (1997). But if "the conduct charged fell [within] the plain meaning of the statute standing alone," a prosecution does not violate due process. *United States v. Sineneng-Smith*, 982 F.3d 766, 775 (9th Cir. 2020). Mr. Olgado's conduct falls squarely within the plain meaning of the statute. *See* 18 U.S.C § 1832(a)(3).

**AFFIRMED.**